DUNCAN AND LANE versus SIMMONS.

1. That a trustee, in a deed of trust, made to secure liabilities, incurred by the *cestui que use, declined* making oath to the trust property, in order to determine the right of the property against executions levied on it; held not to be a sufficient equity to sustain a bill.
2. If such trustee had *refused* to make the claim, Chancery could be resorted to.

This was a suit in Chancery, in Limestone Circuit court. The allegations of the bill were, that Simmons, the complainant, being the *cestui que use*, in a deed of trust, on certain property, made by one Capel, to secure the former against liabilities incurred for the latter—the property was levied on by sundry executions, in favor of the defendants, creditors of Capel: that Wallace, the trustee, having *declined* making the oath, required by law, in order to try the right of property, the complainant himself, had made the same; and that on the trial at law, he had been defeated—the legal title being determined to vest in the trustee. The injunction granted in the case, being perpetuated, the defendants sought the aid of this court, on error.

LIPSCOMB, C. J.—This cause comes before us, for the purpose of revising the decree of the court of Chancery, for the county of Limestone. Simmons, the defendant in this court, filed his bill against the plaintiffs, here, Duncan and Lane, and against several others.

The facts alleged in the bill, are, in substance, that, for the purpose of securing a debt due to him, from one Capel, and to secure himself against liabilities,

incurred by him, for the said Capel, in a co-partnership transaction, he had taken a deed of trust from Capel, conveying certain property to one Wallace, in trust, for the purposes before mentioned.—That, after the deed of trust to Wallace, had been recorded, Duncan and Lane, and the other parties made defendants, obtained judgments at law, against Capel, and sued out executions, and had them levied on the property conveyed, in trust, to Wallace.—That Wallace, the trustee, when called on by the sheriff, declined making the oath, required by the statute, on filing a claim, for a trial of the right of property, when levied on, by execution.—That the complainant filed the claim, in his own name, and on his own affidavit, and gave bond, with Wallace, the trustee, as his security.   The bill alleges, that, on the trial of the right of property, in consequence of the legal right being in the trustee, and not in the complainant, who was the claimant; that the property was found subject to the executions levied on it.   These are the allegations, material to be considered.

The bill prayed an injunction.   The injunction was dissolved, on the answer of the defendants; but, on a hearing, it was reinstated, and perpetuated.

The first aspect in which the cause is presented to us, dispenses with the necessity of an investigation of the evidence, offered, in support of the various allegations contained in the bill.   We will be relieved from considering many points, presented in the argument, on some, which, it is probable, we might have experienced some difficulty.   We believe, that the complainant has not assigned a sufficient reason, for not having his rights fairly adjudged, on their merits in a court of law.   There was no absolute re-

fusal or neglect, on the part of the trustee, to afford him aid, in the prosecution of his rights : the course pursued, seems to have been the result of a mutual understanding, between the *cestui que trust*, and the trustee. If the trustee had refused to interpose, a court of Chancery should have been resorted to, before the trial at law. We are, therefore, of opinion, that the decree of the Circuit court of Limestone county, ought to be reversed, and the bill dismissed.